## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Case No. 09-cr-00104-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMANE BONNER,

    Defendant.

## ORDER
## FOR COMPETENCY AND SANITY EXAMINATION AND DETERMINATION

**Blackburn, J.**

This matter is before me for consideration of the following: (1) defendant's **Motion For Determination Of Defendant's Mental Competency To Stand Trial** [#39][1] filed November 16, 2009, by counsel for the defendant; and (2) **Government's Motion For Examination To Determine Insanity At Time Of The Offense** [#51] filed December 1, 2009. The government does not object to the defendant's motion, and the defendant does not object to the government's motion.

I may order a competency hearing ". . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

U.S.C. § 4241(a). "The Constitution forbids the trial of a defendant who lacks mental competency. *See* **Indiana v. Edwards**, --- U.S. ----, 128 S.Ct. 2379, 2383 (2008). The test for competency to stand trial asks whether a defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.' **United States v. Mackovich**, 209 F.3d 1227, 1232 (10th Cir.2000) (quotations omitted); *see also* **Drope v. Missouri**, 420 U.S. 162, 171 (1975) ('It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.)." *Accord* **United States v. Deshazer**, 554 F.3d 1281, 1286 (10th Cir. 2009).

Based on the averments stated in the motion, I find and conclude that such reasonable cause exists under 18 U.S.C. § 4241(a). Thus, a competency hearing must be ordered. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c).

On November 16, 2009, the defendant filed a **Notice Of Defense Pursuant To Rule 12.2 F.R.Crim.P.** [#40]. In his notice the defendant notified the government pursuant to Fed.R.Crim.P. 12.2(a) that the defendant intends to assert a defense of insanity. In response, the government filed the instant motion [#51]. Pursuant to Fed. R. Crim. P. 12.2(c)(1)(B) and 18 U.S.C. § 4242(a),[2] I must order that a psychiatric or

---

[2] A motion filed under 18 U.S.C. § 4242(a) triggers the examination and report required under 18 U.S.C. § 4242 (b) and (c).

psychological examination of the defendant be conducted.

**THEREFORE, IT IS ORDERED**[3] as follows:

1. That  defendant's **Motion For Determination Of Defendant's Mental Competency To Stand Trial** [#39] filed November 16, 2009, by counsel for the defendant is granted;

2.  That pursuant to 18 U.S.C. § 4241(a), a hearing to determine the competency of the defendant shall be conducted on **February 18, 2010, commencing at 9:00 a.m.**, at which time the defendant shall appear without further notice or order from the court; provided, furthermore, that to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the appearance of the defendant[4];

3. That pursuant to 18 U.S.C. § 4241(c), the competency hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d);

4. That prior to the competency hearing and pursuant to the provisions of Fed. R. Crim. P. 12.2(c)(A) and (B), and 18  U.S.C. §§ 4241, 4242, and 4247(b), a psychiatric examination shall be conducted by Frederick M. Miller, M.D.,[5] and completed by February 8, 2010;

5. That the defendant, who is in the custody of the Attorney General, shall be

---

[3] This order effectively grants **Government's Motion For Examination To Determine Insanity At Time Of The Offense** [#51] filed December 1, 2009.

[4] If either party intends for Dr. Miller to testify at the February 18, 2010, competency hearing, that party shall make the arrangements necessary to facilitate the appearance of Dr. Miller.

[5] Dr. Miller is a licensed psychiatrist who was nominated jointly by the parties. *See* **Parties' Joint Nomination of Examiner Dr. Frederick Miller** [#60] filed January 6, 2010, in response to my **Order for Nomination of Examiners** [#59] entered December 17, 2009.

placed forthwith at the Federal Detention Center or the Federal Correctional Institution,[6] 9595 W. Quincy Avenue, Englewood, Colorado 80123, or at some other suitable facility, for a period not to exceed thirty (30) days from the date of this order to facilitate the psychiatric or psychological examination and to implement the orders of this court;

6. That Dr. Frederick M. Miller shall be granted reasonable access to the defendant to facilitate the psychiatric examination and to implement the orders of this court;

7. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric examination of the defendant, a psychiatric report shall be prepared by Dr. Frederick M. Miller and shall be filed with the court by February 15, 2010, with copies to counsel for the government and the defendant;

8. That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4)(A) and (B), the psychiatric report shall include the following:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions as to the diagnosis and prognosis;

    e. The examiner's opinion about whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

---

[6] Under **Fed.R.Evid. 201**, I take judicial notice that the Federal Detention Center and the Federal Correctional Institution each qualify as a "suitable facility" as defined by 18 U.S.C. § 4247(a)(2) and as required by 18 U.S.C. § 4247(b).

proceedings against him or to assist properly in his defense[7]; and

f.  The examiner's opinion about whether the defendant was insane at the time of the offense charged in the Indictment [#1] filed February 26, 2009[8]; and

9. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c).

Dated January 13, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[7] Because 18 U.S.C. § 4241 is apposite, the examiner must opine as to competency as required by 18 U.S.C. § 4247(c)(4)(A).

[8] Because 18 U.S.C. § 4242 is apposite, the examiner must opine as to sanity as required by 18 U.S.C. § 4247(c)(4)(B).