IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00104-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      JERMANE BONNER,
        Defendant.

_____

**UNOPPOSED MOTION TO VACATE COMPETENCY HEARING AND SET STATUS HEARING TO ADDRESS ISSUE OF FURTHER ANALYSIS OF DEFENDANT BONNER'S MENTAL CONDITION**
_____

      Defense Counsel Mark C. Johnson, on behalf of Defendant Jermane Bonner, requests that this Court vacate the competency hearing now scheduled for June 4th, 2010 and set the case for a status conference regarding further evaluation of Mr. Bonner and as grounds further states:

1.      The parties in this case have conferred and jointly conclude that the ends of justice will best be served by gaining an evaluation of Mr. Bonner from within the Bureau of Prisons psychiatric facilities. The parties have reached that conclusion based upon a number of developments in the case.

2.      Firstly, the Government's psychiatrist, Dr. Miller, has concluded that Mr. Bonner is competent to proceed in this case. However, Dr. Miller's report leaves open the possibility that Mr. Bonner may be suffering from a mental condition that could play a role in the issues his lawyers have encountered.

3.      Secondly, the Defense psychiatrist, Dr. Karen Fukutaki, has found Mr. Bonner to be incompetent.[1] Moreover, Mr. Bonner has been represented by three experienced defense lawyers, all of whom reached the conclusion that Mr. Bonner displayed behavior consistent with a mental disease or defect. The undersigned has opined that Mr. Bonner is incompetent to assist his counsel in any meaningful way and displays signs of paranoia, disturbed thought process, and obsessional thinking that render him incapable of discussing his defenses and considering his options and alternatives.

4.      Thus it is likely that a competency hearing would not be a debate over whether Mr. Bonner was mentally ill, but whether his mental illness was sufficiently grave that it rendered him incapable to assist his counsel. The parties generally perceive that Mr. Bonner will need to be evaluated sooner or later by BOP psychiatric experts. Mr. Bonner is already serving a lengthy federal sentence and is also facing this case where the facts, as set out in the discovery, are particularly damning. The scenario reported is that Mr. Bonner, for no logical reason, assaulted a random guard, clubbing the guard with a lock in a sock and throwing heated liquid in his face.

5.      Dr. Fukutaki has opined that there may be a physical component to his incompetence. She hypothesizes that Mr. Bonner may be suffering from AIDS which could be exacerbating his psychiatric issues. The discovery contains a reference to Mr. Bonner complaining that he suffered from AIDS right before the assault took place. Thus, it appears that Mr. Bonner requires both a physical examination for the presence of any immunity disorders or sexually transmitted

---

[1] Dr. Fukutaki's report has already been provided to the Government in addition to a memo produced by the undersigned describing his interactions with Defendant Bonner. The undersigned is submitting those documents under seal to avoid any issues of confidentiality. The Government has no objection to that procedure.

diseases as well as a further psychiatric exam. This is necessary because defense counsel have consistently reported that interactions with Mr. Bonner are functionally impossible due to his bizarre, illogical conduct.[2]

6.      Both the Defense and the Government recognize that intervention by the Bureau of Prisons psychiatric staff at this point may shed light on the source of Mr. Bonner's bizarre conduct. Moreover, it is likely that suspending the competency hearing and seeking additional input from the BOP may help resolve the case.[3] The undersigned believes that, in his present condition, Mr. Bonner would never be able to get through a jury trial because his bizarre thought process would force a mistrial to revisit the issue of competency. The undersigned bases these representations on his 30 years of practice in both state and federal court. In that career, the undersigned has never raised the issue of competency. The issue of competency normally serves no purpose because it is not a defense but only the delay of the inevitable. No defense lawyer raises the issue of competency lightly because the possible result is incarceration for a longer period than if a defendant simply dealt with his/her case. It is the interaction between lawyer and client that becomes a major factor in determining competency.[4]

7.      For the reasons set out in this motion, both the Defense and the Government seek an

---

[2] While Dr. Miller opined that Mr. Bonner could be malingering, the experience of the undersigned is exactly the opposite; Mr. Bonner is obsessed with proceeding to trial as soon as possible and asserting his innocence. Mr. Bonner is not seeking to avoid the process. On the contrary, he desires to commit legal suicide as soon as practicably possible. However, it is his bizarre analysis of the facts and his inability to engage in any logical discussion of the likely outcomes that renders him incompetent.

[3] The undersigned can easily envision a situation where during a trial on the merits, the undersigned would have to again raise the issue of competency based upon bizarre, illogical observations being articulated by Defendant Bonner.

[4] When determining a defendant's competency, the district judge may rely on a number of factors, including medical opinion, the judge's observations of the defendant, and an attorney's representation about his client's competency. See *United States v. Cornejo-Sandoval*, _ F.3d _, (10th Cir. 2009).

order from this court vacating the competency hearing and setting this case as soon as possible with the Court's calendar for further status conference. The undersigned envisions, and the Government does not oppose, that at the further statues conference, the undersigned will seek an order from the Court for further psychical and psychiatric examinations by the Bureau of Prisons.

Respectfully Submitted,

*s/ Mark C. Johnson*

_____
Mark C. Johnson
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
(303)448-8836
Mark.Johnson68@gmail.com
**COUNSEL FOR DEFENDANT BONNER**

CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2010 I electronically served the foregoing **MOTION TO VACATE COMPETENCY HEARING AND SET STATUS HEARING TO ADDRESS ISSUE OF FURTHER ANALYSIS OF DEFENDANT BONNER'S MENTAL CONDITION** electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the parties in the case.

*s/ Mark C. Johnson*

_____
Mark C. Johnson