**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 09-cr-00104-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMANE BONNER,

    Defendant.

**ORDER DETERMINING COMPETENCY AND COMMITTING DEFENDANT**

**Blackburn, J.**

On June 4, 2010, this matter came before me for hearing under 18 U.S.C. §§ 4241 and 4247(d), for determination of the defendant's competency. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the evidence adduced during the competency hearing; having considered the parties' stipulation that the defendant is incompetent to proceed; having considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing; I enter the following findings of fact,[1] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

---

[1] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On January 13, 2010, I entered an **Order For Competency And Sanity Examination And Determination** [#64[2]], granting the **Motion for Determination of Defendant's Mental Capacity To Stand Trial** [#39] filed November 16, 2009, by counsel for the defendant, and **Government's Motion For Examination To Determine Insanity At Time Of The Offense** [#51] filed December 1, 2009.

2. Pursuant to my subsequent orders and 18 U.S.C. § 4247(b), Frederick M. Miller, M.D., and Karen V. Fukutaki, M.D., both certified psychiatrists, conducted independent psychiatric examinations of the defendant. Their respective reports[3] included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). However, on balance, I find the report of Dr. Fukutaki to be more complete and cogent than that of Dr. Miller. I find also that Dr. Fukutaki's professional observations corroborated the relevant observations of all of defendant's defense counsel. Thus, I approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Fukutaki.

3. The defendant is presently suffering from a mental disease or defect[4] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the defendant is not presently competent to proceed.

---

[2] "[#64]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[3] Dr. Miller's report [#67], which was filed under seal on February 10, 2010, was admitted in evidence as Government Exhibit 1. Dr. Fukutaki's report [#84], which was filed under seal on April 26, 2010, was admitted in evidence as Government Exhibit 2.

[4] Dr. Fukutaki's diagnoses appear in her report at 15-16. Her opinions concerning competency appear in her report at 16-19.

4. Pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant must be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility[5] to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

5. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Jermane Bonner**, is declared incompetent to proceed ;

2. That pursuant to and subject to the provisions of 18 U.S.C. § 4241(d)(1), the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed;

3. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

4. That the United States Marshal for the District of Colorado is authorized and directed to transport the defendant to the Federal Bureau of Prisons for placement by the Bureau of Prisons in a suitable facility for hospitalization and treatment as provided in this order; and

---

[5] "Suitable facility" is a term defined by 18 U.S.C. § 4247(a)(2).

5. That the **Unopposed Motion To Vacate Competency Hearing And Set Status Hearing To Address Issue of Further Analysis of Defendant Bonner's Mental Condition** [#81] filed April 13, 2010, is **DENIED** as moot.

Dated June 4, 2010.

BY THE COURT:

Robert E. Blackburn
United States District Judge