IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00104-REB

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1.   **JERMANE BONNER,**

    **Defendant.**

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

The United States of America (the government), by and through Patricia Davies, Assistant United States Attorney for the District of Colorado, and the defendant, Jermane Bonner, personally and by counsel, Mark Johnson, Esq. submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

### I. PLEA AGREEMENT

(A)   Defendant agrees to waive indictment and plead guilty to the single count of the Information, charging a violation of 18 U.S.C. § 113(a)(3) (Assault within federal jurisdiction), pursuant to Fed. R. Crim. P. 11(c)(1)(C) and D.C.COLO.LCrR 11.1.

(B)   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties enter into this binding plea, and agree and propose to this Court that the defendant should receive a sentence within the range of 77 to 96 months imprisonment. However, if the Court does not agree with the sentence within the range that the parties propose, and does not accept this plea agreement,

Court's Exhibit 1

the defendant and/or the government may withdraw from the plea agreement pursuant to Rule 11(c)(1)(C). The parties have reviewed the recommended sentencing guideline range, as well as the factors found in 18 U.S.C. § 3553(a), and submit that a sentence within the range of 77 to 96 months properly addresses those factors.

In entering this agreement and requesting the Court's acceptance of this Rule 11(c)(1)(C) plea, the government has considered the defendant's overall history and characteristics, and the nature of his offense conduct, and notes his acceptance of responsibility, as evidenced by this agreement. The government has also considered information it has received through the multiple evaluations that have been undertaken regarding Mr. Bonner's mental health, and has sought input and agreement from the United States Bureau of Prisons, FCC Florence personnel regarding the proposed sentencing range. As such, the parties seek this disposition after their respective careful consideration of the factors under Title 18, United States Code, Section 3553(a). For the government's part, after consulting with FCC Florence representatives and for the reasons stated herein, it believes that a sentence in the range of 77 to 96 months best achieves the goals of fairness, justice, protection of victims' rights and the community, and other policy considerations under Section 3553(a).

(C)   The government agrees to move for a three-level downward adjustment for acceptance of responsibility, contingent upon defendant's continued acceptance of responsibility through the time of sentencing, pursuant to U.S.S.G. Section 3E1.1(a)-(b).

(D)   The government agrees to dismiss the current Indictment at the time of sentencing in this case, contingent upon defendant's continued acceptance of responsibility to the time of sentencing.

(E)   Defendant agrees to pay the special assessment due at time of sentencing.

(F)   This plea agreement confirms the entire agreement between the defendant and the

Government with respect to the defendant's guilty plea, and no other promises, representations, or inducements have been made to defendant or defendant's attorney.

## II. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 111(a)(3) is: not more than 10 years imprisonment; not more than $250,000 fine or both; not more than 3 years supervised release; and a $100 special assessment fee.

Restitution may be an issue. 18 U.S.C. §§ 3663A. The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate prison sentence. Costs of supervision and/or incarceration may also be imposed.

## III. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis for the offense of conviction. Defendant understands that in order to prove him guilty of assaulting a federal correctional officer as charged in the Information, the government must prove the following elements beyond a reasonable doubt:

1. The defendant, Jermane Bonner assaulted Derek Myers with a dangerous weapon, that is, a metal padlock contained in a sock;

2. The defendant committed the assault with intent to do bodily harm and without just cause or excuse; and

3. The assault occurred within the special territorial jurisdiction of the United States.

Pertinent facts are set out below in order to provide a factual basis for the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to

sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§1B1.3) or to sentencing in general (§1B1.4). In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." (§6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which conduct relevant to the offenses for purposes of U.S.S.G. 1B1.3 began is on or about December 15, 2008. The parties stipulate the government's evidence would establish the following:

The Federal Correctional Complex in Florence, Colorado, contains the United States Penitentiary High Security facility ("USP"), an institution within the special maritime and territorial jurisdiction of the United States, as defined in 18 U.S.C. § 7(3). Defendant Bonner was an inmate housed at the USP.

On December 15, 2008, shortly prior to the assault, defendant Bonner was in a common living area that contains tables, chairs, a television set, and a microwave oven for the residents' use. At that time, a medical emergency arose in which one of the residents experienced chest pains, and Bureau of Prisons ("BOP") medical personnel were summoned to examine the afflicted inmate. Consistent with standard BOP procedure, all other residents of the unit were directed to return to their respective cells and be "locked down" while the medical emergency was dealt with. BOP staff directed defendant Bonner to return to his cell. Defendant Bonner refused, and when offered the alterative of entering a television room in which he could be

secured while the medical emergency was dealt with, Bonner refused again.

BOP staff radioed colleagues requesting that additional staff respond so that defendant Bonner could be secured and the medical emergency could be addressed. At that time, there were only two correctional officers present, including Correctional Officer Myers. When Correctional Officer Myers moved toward the door to let in additional BOP staff at approximately 4:11 p.m., defendant Bonner removed a cup-like container from the microwave and threw its heated contents into Mr. Myers's face. Defendant Bonner then swung a white sock containing a metal padlock and struck Mr. Myers on the side of his head. Bonner attempted to swing and hit Myers again but was subdued by other BOP staff personnel.

As a result of being struck in the ear and head, CO Myers suffered abrasions and contusions on his head and suffered short term partial hearing, and was required to take medical leave from his work for 90 to 120 days. CO Myers now appears to have fully recovered from his injuries. The parties agree that the above description of defendant's acts in assaulting CO Myers matches the surveillance videotape that recorded this incident.

## IV. SENTENCING COMPUTATION

The parties understand and agree that the United States Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, the parties understand that the Court shall consider the Sentencing Guidelines, together with the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence for the defendant, Jermane Bonner. As set forth in Section V, below, the parties are not seeking a sentence under the advisory Sentencing Guidelines but instead seek a sentence within the agreed upon range of 77 to 96 months of imprisonment under this agreement.

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (§6B1.4(b)).

A. The base guideline is §2A2.2(a), with a base offense level of: **14**

B. Applicable Specific offense characteristics:

- §2A2.2(b)(2)(B) because a dangerous weapon was used  **+4**

- §2A2.2(b)(3)(A) because the victim sustained bodily injury  **+3**

C. Victim related adjustments:

- §3A1.2(c)(2) because the assault occurred on a prison official while the defendant was in custody  **+6**

D. Defendant's total adjusted offense level is  **27**

E. Defendant should receive a 3 point reduction for acceptance of responsibility. (§3E1.1(a)). The resulting offense level would therefore be:  **24**

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court. The defendant is known to have the following convictions:

| **Offense** | **Criminal History Points** |
|---|---|
| 1. **5/10/93: Murder, Third degree,** CC no. 9110771: sentenced to NLT 5 to 10 years; paroled 1/11/99; PV 3/14/01 (Pittsburgh, PA) | 3 points<br>§ 4A1.1(a) |
| 2. **5/28/92: Aggravated assault,** CC no. 9209811: sentenced to 8 to 116 months (concurrent to CC no. 9110771); paroled 1/11/99; PV 3/14/01 (Pittsburgh, PA) | 3 points<br>§ 4A1.1(a) |
| 3. **3/8/01: Possession with Intent to Deliver 50 grams of Cocaine Base,** sentenced to 180 months (Pittsburgh, PA) | 3 points<br>§ 4A1.1(a) |

G. The criminal convictions result in a subtotal criminal history score of 9.

H. The defendant committed the instant offense while under a criminal justice

sentence, namely imprisonment. **+2**

I. Based on the above information, the defendant has **11** criminal history points, and his criminal history category is **V.**

J. The parties understand that the defendant may be a career offender, pursuant to U.S.S.G. Section 4B1.1(b)(C), and as such, that defendant's offense level would then be **24** and his Criminal history category would be **VI.**[1]

K. The guideline range resulting from the estimated offense level (D) and tentative criminal history category (I) above is 92 to 115 months. However, if the defendant is found to be a career offender, the estimated offense level and criminal history (J) would result in a range of 100 to 125 months, but limited by the statutory maximum sentence of 120 months.[2]

L. Pursuant to guideline §5E1.2, assuming the estimated offense level of D or J above, the fine range for this offense would be $10,000 to $100,000, plus applicable interest and penalties.

M. Pursuant to guideline §5D1.2, if the Court imposes the term of supervised release, that term shall be at least 2 years, but not more than 3 years.

N. There is a mandatory special assessment fee on convicted persons of $100 per count. 18 U.S.C. § 3013(a)(2).

### V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or

---

[1] Offense level of 27 [for offense with statutory maximum of 10 years - 4B1.1(b)(E)] less 3 point reduction for acceptance of responsibility under §3E1.1 = 24.
[2] The statutory maximum sentence under 18 U.S.C. § 113(a)(3) is 120 months.

assurances, express or implied. In entering his agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: _____  _____  6-3-11
                        Jermane Bonner
                        Defendant

Date: 6-3-11           _____
                        Mark Johnson
                        Attorney for Defendant

Date: 6/24/11          _____
                        Patricia Davies
                        Assistant United States Attorney